Gregory Alan Rutchik (SBN 195423)
Law offices of Gregory Alan Rutchik
616 Huntley Dr – PH
West Hollywood, CA 90069
310-570-2399
310-861-1804

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT

| | |
|---|---|
| ELEVATE HOME, LLC DBA TRUEMODERN, a California limited liability company<br><br>        Plaintiff,<br><br>vs.<br><br>UMANA DESIGNS, INC., a California corporation, LONI M., the individual and owner of LONI M. DESIGNS, a California sole proprietorship and DOES 1 through 10 inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br>**(1) FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a);**<br>**(2) UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CAL. BUS. & PROF. CODE §§ 17200 and 17500, ET SEQ**<br><br>**JURY DEMANDED** |

## **THE PARTIES**

1.     Plaintiff ELEVATE HOMES, LLC  ("ELEVATE") is a California limited liability corporation, who, at all relevant times maintained its principal place of business in the city of San Francisco, San Francisco County, California.  Edgar Blazona is the founder and managing member of ELEVATE.

2.     On information and belief, UMANA DESIGN, INC. ("UMANA") is a California corporation with its primary business operations located at 777 E. Gage Avenue, Los Angeles, CA 90001.

3.     On information and belief, LONI M is an individual, last name unknown and to be amended and is the owner of LONI M. DESIGN a California sole proprietorship located at 1933 S. Broadway Ste # 1269, Los Angeles, CA. 90007 and with a website as http://www.lonimdesigns.com/.

4.     Collectively UMANA and LONI M. DESIGN are referred to as DEFENDANTS.

**5.**     Defendant Does 1 through 10, inclusive, are sued by fictitious names because their true name and capacities, whether individual, corporate, associate or otherwise, and/or their responsibility and culpability for the acts alleged herein are unknown to ELEVATE at this time. ELEVATE is informed and believes, and on that basis alleges, that each defendant sued herein as "Doe" is responsible in some manner for the acts and event referred to herein.  When their true names, capacities, responsibility and culpability are ascertained, ELEVATE will seek leave of this Court to amend the complaint as appropriate.

6.     ELEVATE is informed and believes, and on that basis alleges, that at all times mentioned herein, that each of the fictitiously named defendants was the agent, representative, co-conspirator, successor-in-interest, assignee or employee of each remaining defendant, and in doing the things alleged herein was acting within the course and scope of such agency, representation, conspiracy, assignment and employment.

## JURISDICTION AND VENUE

7.     This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 et seq., and under the common law of the State of California. This Court has subject matter jurisdiction over the Lanham Act, false advertising, and unfair competition claims pursuant to 15 U.S.C. § 1125 and 28 U.S.C. §§ 1331, 1338, and 1367. The Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§1338 and 1367.

8.     The amount in controversy between the parties exceeds $75,000.

9.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2) and(c) because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

## GENERAL FACTS / ALLEGATIONS COMMON TO ALL COUNTS

10.    Since at least as early as 2011, ELEVATE has expressly identified and designed ELEVATE's designs for certain furniture as the "LUNA" line ("LUNA").

11.    The LUNA furniture ("LUNA FURNITURE") line comprises individualized furniture pieces including sofas, love seats and corner pieces in various sizes and dimensions and complementary accessories, all having decorative elements reflecting a unique and unified design theme and which are identifiable separately from any purely useful aspect of the LUNA FURNITURE. The LUNA FURNTURE was designed and created by Edgar Blazona for the exclusive use and exploitation by ELEVATE and for the sale to ELEVATE customers.

12.    The ELEVATE collection is offered to the public through the website located at http://www.truemodern.com/collections, the initial page as attached in Exhibit A.

13.    At all times relevant to this matter, LUNA FURNITURE included items attached as Exhibit A and B.

14.    LUNA is word, name or device used by ELEVATE to identify and distinguish the goods of ELEVATE, including a unique product, from those manufactured or sold by others, and to indicate the source of the goods, even if that source is unknown, pursuant to California Business and Professions Code section 14202A(a).

15.    LUNA is a word, term, name device designating the origin of goods of ELEVATE pursuant to 15 USC §1125 et seq.

16.    In addition to the word LUNA, ELEVATE's distinctive legs as depicted here



3
**COMPLAINT**

1  and at www.truemodern.com and incorporated herein by reference are a unique device

2  used to designate the origin of goods as ELEVATE pursuant to 15 USC 1125 et seq.

3       17.    Together with the name LUNA and the above distinctive leg forms the unregistered

4  trademark and/or trade dress of ELEVATE ("TRADE DRESS") protectable under 15 USC

5  1125.

6       18.    ELEVATE used LUNA and the TRADE DRESS continuously and on information

7  and belief the LUNA TRADEMARKS and TRADE DRESS developed secondary meaning in

8  the marketplace amongst consumers as further described on ELEVATE's website

9  truemodern.com including:

10

**Edgar Blazona, Founder, CEO**

Edgar Blazona has been in the furniture industry for more than 25 years. As a graffiti artist in high school, he launched his first business – a graphic art company. He produced several commissioned art pieces for the City of San Francisco, legendary skateboard competitions, Lollapalooza, and other local iconic landmarks. In his early 20s, he discovered his talent for furniture design, and became a custom metal fabricator. In the late 90s, he joined the team at Pottery Barn and became an expert in overseas sourcing and manufacturing.

He then launched Modular Dwellings, a prefab backyard shelter company, and pioneered what we now know as the prefab movement of the early 2000s. He ultimately partnered with ReadyMade magazine, making his MD100 plans available for sale to anyone who wanted to build their own.

In 2003, Edgar joined the team at Thinc, a San Francisco-based furniture and textiles design and marketing company, as Design Director and VP of Furniture. He designed and placed multiple collections in big box retailers like Target, Walmart, Office Max, Office Depot, Staples, and Home Depot.

In 2005, Edgar launched TrueModern, a company originally focused on affordable modern bedroom pieces for kids. The company expanded to include several original sofa and bedroom collections. Today, TrueModern is a nationally recognized modern furniture brand. In early 2014, TrueModern opened up its own manufacturing facility in Los Angeles, bringing most of the company's production in-house.

Edgar's work has been shown around the world at Sweden's Ice Hotel, San Francisco's Limn Gallery, and Bergamont Station Arts Center in Los Angeles. His designs have been featured in national publications such as *Vogue, Dwell, Paper, the San Francisco Chronicle* and *ReadyMade.*

17       19.    Since at least December 2011, ELEVATE had engaged UMANA to manufacture

18  various furniture goods pursuant to the ELEVATE's proprietary design and specifications

19  ("ELEVATE GOODS").

20       20.    ELEVATE AND UMANA entered into the CONTRACT commencing in July

21  2011 with no term as attached in Exhibit B.

22       21.    Pursuant to the terms of the Contract, ELEVATE ordered LUNA FURNITURE

23  from UMANA, UMANA dropped shipped ELEVATE GOODS directly to ELEVATE

24  CUSTOMERS and directly to ELEVATE, ELEVATE paid UMANA for the goods and the

25  parties continued pursuant to the CONTRACT for several years.

26

27

28

**COMPLAINT**

22.   ELEVATE and UMANA entered into a contract ("THE CONTRACT"), and THE CONTRACT specified the quantity and price of goods to be sold to ELEVATE's customers and was confirmed in writing by UMANA as further attached in Exhibit B.

23.   After UMANA and ELEVATE entered into the CONTRACT, ELEVATE provided UMANA with ELEVATE proprietary designs (as attached in EXHIBIT D) and the initial order for ELEVATE GOODS an example of which is attached in EXHIBIT E.

24.   UMANA agreed to manufacture ELEVATE GOODS according to the specifications designed by ELEVATE and provided by ELEVATE to UMANA and an example of which is in EXHIBIT D and as were provided by ELEVATE to UMANA from time to time.

25.   Pursuant to the CONTRACT, UMANA manufactured many ELEVATE GOODS.

26.   Pursuant to the Contract to manufacture ELEVATE GOODS, on information and belief, ELEVATE has paid to UMANA more than $400,000 and more than $200,000 to manufacture other ELEVATE GOODS not including LUNA FURNITURE.

27.   ELEVATE permitted and/or licensed UMANA the right solely to manufacture the LUNA furniture exclusively for ELEVATE and ELEVATE's customers.

28.   ELEVATE fulfilled every condition and duly performed each and every duty and obligation that it was required to perform under the terms of the Contract or was otherwise excused from performance.

29.   At the end of 2013, ELEVATE notified UMANA in writing that UMANA had (a) failed to manufacture LUNA FURNITURE pursuant to the terms of the CONTRACT and specifically that UMANA was not following the ELEVATE specifications with regards to wood choice and other specified requirements agreed to in contract.

30.   On information and belief, UMANA sold LUNA FURNITURE to third parties other than ELEVATE CUSTOMERS ("THIRD PARTIES") without the authorization or consent of ELEVATE.

31.   IN 2013, ELEVATE specifically confronted UMANA about UMANA's sale to LONI M. DESIGNS, a California based reseller of the LUNA FURNITURE to others without

ELEVATE authorization and LONI M. DESIGNS knew or should have known of this ELEVATE demand.

32.   On information and believe, at some time defendant LONI M. DESIGNS began sale of LUNA FURNITURE to THIRD PARTIES without the authorization or consent of ELEVATE.

33.   After first telling ELEVATE that UMANA "had been tricked" by LONI M. DESIGNS, UMANA expressly promised it would stop selling to THIRD PARTIES including to and through LONI M. DESIGNS.

34.   On information and belief, LONI M. DESIGNS operated out of or in concert with UMANA to sell, market and distribute LUNA FURNITURE to THIRD PARTIES without ELEVATE's knowledge or authorization.

35.   Subsequent to the initial discussion about sales to THIRD PARTIES, ELEVATE confronted UMANA again about UMANA's unauthorized sales to THIRD PARTIES.  UMANA recanted its promise and UMANA verbally admitted to ELEVATE that it was entitled to make sales to THIRD PARTIES without remuneration to ELEVATE.

36.   ELEVATE asked UMANA to cease and desist from sales to THIRD PARTIES and UMANA said that they would not cease sales to THIRD PARTIES.

37.   On information and believe, one example of these unauthorized sales as attached in Exhibit F and on information and believe these sales continued through today, in an amount to be proven.

38.   UMANA's unauthorized sales to THIRD PARTIES is ongoing and exemplified by the LUNA FURNITURE being currently offered and available for sale by ACE FURNITURE in Los Angeles, that is traceable back to UMANA by the California Registry numbers printed on the goods, and as illustrated below:

**COMPLAINT**



39.    UMANA's use of the LUNA TRADEMARK and TRADE DRESS are confusingly similar and are intentionally designed to trade on the rights of ELEVATE.

40.    On information and belief, as of the date of this filing, UMANA manufactures and provides the above indicated LUNA FURNITURE for sale by Ace Furniture in Los Angeles and others.

41.    On information and belief, UMANA's and LONI M DESIGNS' sales of LUNA FURNITURE to THIRD PARTIES were and are unauthorized and unfair.

42.    On information and belief, through the sales of LUNA FURNITURE to THIRD PARTIES, UMANA earned monies and enabled THIRD PARTIES to earn monies unfairly and unlawfully.

43.    UMANA's and LONI M. DESIGNS' actions are the direct or proximate cause of damage to ELEVATE.


**FIRST CAUSE OF ACTION**

(LANHAM ACT 15 USC 1125)

Against all DEFENDANTS and Does 1 to 25

44. ELEVATE incorporates by reference each and every allegation set forth in paragraphs 1 through 43, as though fully set forth herein.

45. ELEVATE's LUNA TRADEMARK is protectable under 15 U.S.C. §1125 et seq.

46. ELEVATE's TRADE DRESS is protectable under 15 U.S.C. §1125 et seq.

47. ELEVATE's LUNA TRADEMARK is distinctive and has acquired distinctiveness.

48. On information and believe, ELEVATE's TRADE DRESS is distinctive and has acquired distinctiveness.

49. ELEVATES' TRADE DRESS design covers the non-functional as aspects.

50. On information and belief, ELEVATE's LUNA TRADEMARK and TRADE DRESS is well known and famous separate and apart from any other feature in the public's mind.

51. DEFENDANTS use the LUNA TRADEMARK and TRADE DRESS in the sale of goods in interstate commerce.

52. DEFENDANTS' use of the LUNA TRADEMARK and TRADE DRESS falsely designates the origin of the goods.

53. On information and belief, DEFENDANTS actions create a likelihood of confusion among the consuming public.

54. The actions of DEFENDANTS described above and specifically, without limitation to the unauthorized use of the LUNA TRADEMARK and TRADE DRESS and confusingly similar variations thereof, in commerce, to advertise, promote, market and sell products throughout the U.S. and California constitute infringement and violations of 15 U.S.C. 1125(a).

55. On information and belief, the actions of DEFENDANTS, if not enjoined, will continue.

56. ELEVATE has suffered and continues to suffer damages in an amount to be proven at trial, consisting of , among other things, diminution of the value of and good will associated with the LUNA TRADEMARK and TRADEDRESS, and injury to ELEVATE's business.

**COMPLAINT**

57.   DEFEDANTS' unauthorized acts including use of LUNA TRADEMARKS and TRADE DRESS are intentional.

58.   DEFENDANT's use of the LUNA TRADEMARKS and TRADE DRESS falsely designate the origin of the goods sold by DEFENDANTS in violation of 15 U.S.C. §1125 et seq.

59.   DEFENDANTS have earned monies from the sale of goods that infringe or violate ELEVATE's rights.

60.   ELEVATE is entitled to money damages to be proven at law, to recover damages in an amount to be proven pursuant to 15 U.S.C. §1117, which may include profits from sales made by DEFENDANTS.

61.   On information and belief, ELEVATE is entitled to injunctive relief pursuant to 15 U.S.C 1125(c)(1).

62.   ELEVATE is entitled to attorneys' fees pursuant to 15 U.S.C. §§ 1117 and 1125 et seq.

## SECOND CAUSE OF ACTION

(UNFAIR COMPETITION)

Against ALL DEFENDANTS and Does 1 to 50

63.   ELEVATE incorporates by reference each and every allegation set forth in paragraphs 1 through 62, as though fully set forth herein.

64.   DEFENDANTS actions described above and specifically without limitation the use of the LUNA TRADEMARKS and TRADE DRESS, in interstate commerce and in California to advertise, promote and sell products, thereby causing confusion in the market place constitute unfair competition in violation of 15 U.S.C. §1125(a).

65.   Consumers are likely to be mislead and deceived by DEFENDANTS' representations in the marketplace.

66.   DEFENDANTS knew or should have known that their representations of origin were false or likely to mislead.

COMPLAINT

67.   As an actual and proximate result of DEFENDANTS' acts, ELEVATE has suffered damages in an amount to be proven at trial and unless enjoyed, ELEVATE shall continue to suffer irreparable harm and damage to its business, reputation and goodwill.

68.   Pursuant to 15 U.S.C. §1117, ELEVATE is entitled to damages for DEFENDANTS' Lanham Act violations, an accounting of profits and sales of all unauthorized sales of LUNA FURNITURE and other goods that infringe or otherwise violate ELEVATE's rights.

69.   ELEVATE is entitled to recovery of additional damages and attorneys' fees pursuant to 15 U.S.C. §1117.

70.   DEFENDANTS have acted in false advertising and unfair competition in violation of California Bus. & Prof. Code §§17200 et seq. and ELEVATE will suffer and continue to suffer from DEFENDANTS acts.

71.   As a direct and proximate cause of DEFENDANTS acts and intentional acts in violation of California Bus. & Prof. Code §17200 et seq., ELEVATE has suffered damages in an amount to be proven a trial.

72.   ELEVATE is entitled to such remedies as permitted under California Bus. & Prof. Code §§17200.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment in his favor as follows:

73.   That ELEVATE be granted injunctive relief under 15 U.S.C. §§1051 and 1125 et seq., California Business and Professions Code §17200 et seq., and federal law and California common law; that DEFENDANTS and all of their respective officers, agents, servants, representatives and employees and all other persons acting in concert with them be enjoined from:

1.   using the LUNA TRADEMARKS or any mark confusingly similar to LUNA in connection with the manufacture, sale, licensing, marketing, and advertising of any furniture to the public.

**COMPLAINT**

2.      Using the LUNA TRADE DRESS or any trade dress confusingly similar manufacture, sale, licensing, marketing, advertising of any furniture to the public.

3.      Making or inducing others to make false, misleading or otherwise deceptive statements of origin in connection with use of the LUNA TRADEMARKS or TRADE DRESS.

74.      That DEFENDANTS be adjudged to have violated 15 U.S.C. manufacture, sale, licensing, marketing, advertising of any furniture to the public 1125(A);

75.      That DEFENDANTS be ordered to certify that they will no longer use the LUNA TRADEMARKS or TRADE DRESS;

76.      That DEFENDANTS be adjudged to have unlawfully and unfairly competed against ELEVATE under the laws of the State of California, Cal. Bus. & Prof Code 17200, et seq.;

77.      That ELEVATE be awarded damages pursuant to 15 U.S.C. 1117 et seq., sufficient to compensate it for all damages caused by DEFENDANTS;

78.      That ELEVATE be awarded DEFENDANTS' profits arising from DEFENDANTS' unlawful acts or as determined by said accounting;

79.      That such damages and profits be trebled and awarded to ELEVATE and that ELEVATE be awarded costs, attorneys' fees and expenses pursuant to 15 U.S.C. 1117 as a result of the willful acts of DEFENDANTS in violation of the Lanham Act;

//

//

**COMPLAINT**

80.    For all compensatory and consequential damages;

81.    For costs of suit herein incurred;

82.    For prejudgment and post-judgment interest at the legal rate; and

83.    For any other relief as this Court deems just and proper.

Dated: JUNE 15, 2016

By: _____
GREGORY ALAN RUTCHIK
*ATTORNEY FOR PLAINTIFF ELEVATE HOMES,*
*LLC DBA TRUEMODERN*

### JURY IS DEMANDED

ELEVATE requests a jury for all causes of action triable by a jury.

BY: _____

GREGORY ALAN RUTCHIK
*ATTORNEY FOR PLAINTIFF ELEVATE HOMES,*
*LLC DBA TRUEMODERN*

On behalf of ELEVATE HOMES LLC, as an Officer, as Plaintiff, I, EDGAR BLAZONA, declare under penalty of perjury under the laws of the State of California that I have read the complaint for damages set out above, and that each and every fact contained therein is either known to me to be true and correct of my own personal knowledge or that I have a reasonable belief as to the truthfulness of all allegations made on information and belief.

Signed under penalty of perjury at San Francisco, California.

Dated: __06/14/2016__, 2016

_____
EDGAR BLAZONA

1

<u>EXHIBIT A</u>

2

3

Customer Reviews & Photos    Questions? 415.967.7556


$0.00

4

**truemodern**
BY EDGAR BLAZONA

Search entire store h

5

6

HOME » SHOP » OUR COLLECTIONS

7

8

★ REVIEWS BY REAL PEOPLE

9

10

11

12

13

14

15







16

17

Luna                    Dane                    Jackson

18

19







20

21

Bump Bump        Diggity                Hamlin

22

**Connect with a real live human being!**

23

24

25

26

27

28

13
**COMPLAINT**

On Jul 18, 2011, at 1:02 PM, JOSE UMANA <umana_designs@yahoo.com> wrote:

Hi,
We can make it to you at $450 and the chair at $254.
But we need to have a sample of those pieces here with us so
that we can see how the wood base and those legs are done. And
also a sample of your back pillow so that we can see what it has
inside. It will be better for us to have at least one chair of
the styles you have specially with this style because of the
kind of legs that you want.

**From:** Edgar Blazona <edgar@elevatehome.com>
**To:** JOSE UMANA <umana_designs@yahoo.com>
**Sent:** Mon, July 18, 2011 11:20:36 AM
**Subject:** Re: taylor collection

Hi,
Do you guys want to give me a quick price on this Luna sofa and chair? I have a few orders that I could
quickly move to your factory. You could copy our current production. Would not be able to pay more than
$450 for sofa. We are currently paying $415 (i could show you invoices) at mike cims. Would be able to
order at least 5 at a time. Could place the order this week. Fabric is Morgan Klein.

thanks,
Edgar

**COMPLAINT**

EXHIBIT C





**COMPLAINT**

EXHIBIT D



1

EXHIBIT E

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

1

## EXHIBIT F

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



18
**COMPLAINT**